**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LAKIA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-0676-CVE-SAJ |
| ) | |
| CROSSHAVEN PROPERTIES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the Amended Motion for Leave to Proceed in Forma Pauperis and Supporting Affidavit (Dkt. # 47). Plaintiff Lakia Harris has submitted the correct form of affidavit and seeks to file an appeal in the instant civil action without prepayment of fees and costs. For the reasons set forth below, the Court finds that plaintiff's motion should be **denied**.

**I.**

The Court gathers the following information from plaintiff's affidavit.

<u>Income and Assets</u>: Plaintiff is married. She is currently employed and earns $2,223.33 in monthly gross pay. <u>Id.</u> at 1. Neither she nor her spouse is self-employed. <u>Id.</u> at 2. Plaintiff provides no other information about her spouse's employment or his monthly gross income. <u>Id.</u> at 1. Plaintiff has two children, both of whom reside with her, and she receives $600 in monthly child support. <u>Id.</u> at 2. Plaintiff has $15 in a checking account and $500 in savings.[1] <u>Id.</u> She owns a 2006 Dodge Magnum, valued at $23,000. <u>Id.</u> at 3.

---

[1] The affidavit does not reveal what amount, if any, plaintiff's husband maintains in a checking or savings account. <u>Id.</u>

Expenses and Liabilities: Plaintiff estimates her total monthly expenses to be $1,947, of which $184 goes to charity. Id. at 5. Plaintiff's spouse pays the rent in the amount of $525 each month. Id. at 4. Plaintiff owes $19,500 on her vehicle, id. at 3, and appears to have only a small amount of other debt, see id. at 4. Plaintiff attests that she does not expect any major changes in her monthly income or expenses during the next four months. Id. at 5. She also attests that she has not incurred any legal costs in conjunction with this case. Id.

**II.**

A district court has discretion to authorize the commencement of an appeal without prepayment of fees or security therefor if the movant submits an affidavit attesting to her inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1); Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); see Scherer v. Kansas, 263 Fed. Appx. 667, 669 (10th Cir. Feb. 4, 2008) (unpublished decision) ("[T]he district court has broad discretion in determining whether to grant or deny an application to proceed in forma pauperis.")[2]. To succeed on a motion to proceed in forma pauperis, "the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Among the factors a district court should consider is the degree to which the movant's monthly income exceeds her monthly obligations. See Scherer, 263 Fed. Appx. at 669.

Here, the Court finds that plaintiff "clearly has sufficient [income and] assets to warrant the requirement . . . that fees be paid." Wasko v. Silverberg, 180 Fed. Appx. 34, 35 (10th Cir. May 22,

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

2006) (unpublished decision). Plaintiff earns $2,223.33 in monthly gross pay. Notwithstanding plaintiff's failure to provide virtually <u>any</u> information with respect to her husband, plaintiff admits that her monthly income exceeds her monthly expenses by at least $276. Plaintiff admits that she drives a $23,000 car, has $500 in savings, and gives $184 to charity each month. Plaintiff also admits that she does not expect any major changes in her monthly income or expenses during the next four months, and that she has not incurred any legal costs – thus far – in conjunction with this case. Based on the foregoing admissions, the Court finds that plaintiff has the ability to prepay the filing fees and costs associated with her appeal. The Court concludes, therefore, that plaintiff's motion should be denied.

**IT IS THEREFORE ORDERED** that the Amended Motion for Leave to Proceed in Forma Pauperis and Supporting Affidavit (Dkt. # 47) is **denied**.

**IT IS FURTHER ORDERED** that, in accordance with Local Civil Rule 3.3(e), plaintiff has twenty (20) days in which to pay the required filing fees. Failure to pay the required fee within twenty (20) days of this Order may result in dismissal of plaintiff's appeal.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals.

**DATED** this 12th day of June, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT